# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAREN HESS, SURVIVING SPOUSE OF MICHAEL D. BARES | CIVIL ACTION |
| VERSUS | No. 09-3789 |
| UNION STANDARD INSURANCE COMPANY, ET AL | SECTION "K" |

## ORDER AND OPINION

Before this Court are the Motion to Remand filed on behalf of plaintiff Karen Hess (Doc. 6) and the Motion to Remand filed on behalf of interested parties Kristina Marie Bares Lee, Cathryn Bares Vigreux, and The Succession of Michael D. Bares (Doc. 15). Having reviewed the pleadings, memoranda, and relevant law, this Court, for the reasons assigned, denies the motions.

## BACKGROUND

This litigation arises out of the death of Michael D. Bares on January 26, 2009, in Louisiana. Mr. Bares died in an accident involving his motorcycle and a truck driven by Brian K. Tompkins, an employee of Harvest Haul, Inc., insured by Union Insurance Company. Mr. Bares's wife Karen Hess filed a wrongful death and survival action in state court seeking damages from defendants Tompkins, Harvest Haul, and Union Insurance (collectively "Harvest Haul") for the death of her husband. Mrs. Hess also named State Farm Mutual Automobile Insurance Company ("State Farm") and Geico Insurance Company ("Geico") as defendants on the belief that each may have an applicable underinsured motorist policy. In addition to the wrongful death and survival action, Mrs. Hess sought a declaratory judgment determining the percentage of ownership of the survival action among herself, Mr. Bares's two adult daughters

1

Cathryn Bares Vigreux and Kristina Marie Bares Lee, and The Succession of Michael D. Bares ("The Succession"), a pending probate proceeding. Mrs. Hess named Mrs. Vigreux, Mrs. Lee, and The Succession as "interested parties" with respect to the declaratory judgment claim.

Harvest Haul removed this matter to this Court on June 5, 2009, on the basis of diversity jurisdiction after realigning Mrs. Vigreux, Mrs. Lee, and The Succession as plaintiffs and obtaining consent to removal from Geico and State Farm[1]. Thereafter, Mrs. Hess and the interested parties each filed the instant motions to remand claiming that this Court lacks diversity jurisdiction.

## LAW AND ANALYSIS

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. 28 U.S.C. §1441(a). The burden of establishing that federal jurisdiction exists rests on the removing party. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).

Diversity jurisdiction, the ground for federal jurisdiction invoked by Harvest Haul, requires complete diversity of citizenship between all plaintiffs and all defendants. See Great Northern R. Co. v. Galbreath Cattle Co., 271 U.S. 99, 102-03 (1926); 28 U.S.C. §1332.

**1) Realignment of the parties:**

In conducting its diversity jurisdiction analysis, this Court "is not bound by the way plaintiff formally aligns the parties in his original pleading." Lowe v. Ingalls Shipbuilding, 723 F.2d 1173, 1177 (5th Cir. 1984). Rather, it is the "duty" of the court to properly realign the parties, and "such realignment is to be determined according to 'the principal purpose of the suit

---

[1] Mrs. Vigreux, Mrs. Lee, and The Succession did not consent to the removal.

and the primary and controlling matter in dispute.'" Id. at 1178 (quoting Indemnity Insurance Company of North America v. The First National Bank at Winter Park, Florida, 351 F.2d 519, 522 (5th Cir. 1965)). The test for realignment is "whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side." Lowe, 723 F.2d at 1178 (quoting Wright, Miller & Cooper, 13E Federal Practice and Procedure: Jurisdiction, §3607 at 639).

The principal purpose of this suit is to recover money from Harvest Haul for the death of Mr. Bares. The primary and controlling matter in dispute is whether Harvest Haul is liable for Mr. Bares's death. The request for a declaratory judgment is ancillary. Mrs. Hess, Mrs. Vigreux, Mrs. Lee, and The Succession each share the same ultimate interest in finding Harvest Haul liable for Mr. Bares's death and recovering as much money as possible from Harvest Haul - regardless of the individual apportionment of each recovery. Accordingly, Mrs. Vigreux, Mrs. Lee, and The Succession are hereby realigned as plaintiffs in this dispute[2].

**2) Diversity jurisdiction:**

Having realigned the parties, this Court must now determine whether diversity jurisdiction existed at the time of removal; i.e. whether each plaintiff was of a different citizenship than each defendant. 28 U.S.C. §1332(a)(1). State Farm is undisputedly a citizen of Illinois. If Mrs. Lee is also a citizen of Illinois, as she asserts[3], then her realignment as a plaintiff

---

[2] This Court notes that Mrs. Vigreux, Mrs. Lee, and The Succession did not consent to the removal and that 28 U.S.C. §1446(b) requires that all *defendants* join in and consent to removal. See, e.g., Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 (5th Cir. 1990). This Court declines, however, to address whether "interested parties" must also consent to removal. Mrs. Vigreux, Mrs. Lee, and The Succession have been properly realigned as plaintiffs in this matter, and as such their consent to the removal was not necessary.

[3] The parties dispute whether Mrs. Lee is an Illinois citizen or a Louisiana citizen.

would defeat diversity jurisdiction because both she and State Farm would be citizens of the same state. Harvest Haul contends, however, that State Farm has been improperly joined as a defendant, and that State Farm's citizenship is therefore irrelevant in determining whether this Court has diversity jurisdiction.

Improper joinder is a narrow exception to the rule of complete diversity. Smallwood v. Ill. Central R.R. Co., 352 F.3d 220, 222 (5th Cir. 2003). The burden of showing improper joinder is a heavy one. Id. Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir. 2003). To determine if the plaintiff is able to establish a cause of action against the non-diverse defendant[4], the defendant must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood, 385 F.3d 568, 573.

Harvest Haul has submitted evidence that State Farm insured Mr. Bares's 1999 Dodge Dakota pickup truck. Defendant's Opposition to Motion to Remand (Doc. 17 Exhibit 3). Mrs. Hess has submitted no evidence, however, that State Farm provided any insurance covering Mr. Bares's motorcycle. Rather, Geico insured Mr. Bares's motorcycle at the time of the accident[5]. La. Rev. Stat. 22:680(1)(e)[6] reads as follows:

---

[4]Harvest Haul has not alleged, nor is there evidence of, actual fraud in the pleadings.

[5]Neither party has submitted evidence of a Geico policy. Harvest Haul has, however, asserted that Geico insured Mr. Bares's motorcyle, and Mrs. Hess has not disagreed.

[6]Formerly La. Rev. Stat. 22:1406(D)(1)(e).

> The uninsured motorist coverage does *not* apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured *if such motor vehicle is not described in the policy under which a claim is made*, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy.... (emphasis added).

The language of the statute denies any possibility of recovery from State Farm, as it precludes recovery for an accident occurring in a vehicle owned by the insured under a UM policy for a separate vehicle not involved in the accident. See also Shackelford v. State Farm Mutual Automobile Insurance Company, 646 So.2d 1209, 1211 (La.App. 5 Cir. 1994) (holding that a plaintiff could not recover for her injuries suffered while driving her 1989 Ford Tempo under a separate policy covering a 1984 van listing her as an insured); Southerland v. Continental Casual Company, 837 So.2d 712, 714 (La.App. 2 Cir. 2003) (holding that the plaintiff could not recover under a separate policy for injuries he sustained while driving a vehicle he owned that was not described in the separate policy). Accordingly, State Farm is hereby dismissed.

Absent State Farm as a defendant, the requirements for diversity jurisdiction are met.

Accordingly,

**IT IS ORDERED** that the Motion to Remand filed on behalf of Mrs. Hess is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Remand filed on behalf of Mrs. Lee, Mrs. Vigreux, and The Succession is DENIED.

New Orleans, Louisiana, this 23st day of October, 2009.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE