UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAREN HESS, SURVIVING SPOUSE OF<br>MICHAEL D. BARES | CIVIL ACTION |
| VERSUS | No. 09-3789 |
| UNION STANDARD INSURANCE COMPANY, ET AL | SECTION "K" |

## ORDER AND OPINION

Before this Court is the Motion for Partial Summary Judgment filed on behalf of defendants Harvest Haul, Inc., Brian K. Tompkins, and Union Insurance Company (Doc. 16). Having reviewed the pleadings, memoranda, and relevant law, this Court, for the reasons assigned, denies the motion.

## BACKGROUND

This litigation arises out of the death of Michael D. Bares on January 26, 2009, in Louisiana. Mr. Bares died in an accident involving his motorcycle and a truck driven by Brian K. Tompkins, an employee of Harvest Haul, Inc., insured by Union Insurance Company. Mr. Bares's wife Karen Hess filed a wrongful death and survival action in state court seeking damages from defendants Tompkins, Harvest Haul, and Union Insurance (collectively "Harvest Haul") for the death of her husband. Mrs. Hess also named State Farm Mutual Automobile Insurance Company ("State Farm") and Geico Insurance Company ("Geico") as defendants on the belief that each may have an applicable underinsured motorist policy.

In addition to the wrongful death and survival action, Mrs. Hess sought a declaratory judgment determining the percentage of ownership of the survival action among herself, Mr. Bares's two adult daughters Cathryn Bares Vigreux and Kristina Marie Bares Lee, and The

1

Succession of Michael D. Bares ("The Succession"), a pending probate proceeding. Mrs. Hess named Mrs. Vigreux, Mrs. Lee, and The Succession as "interested parties" with respect to the declaratory judgment claim.

Harvest Haul removed this matter to this Court on June 5, 2009, on the basis of diversity jurisdiction. Thereafter, Mrs. Hess and the interested parties each filed motions to remand which Harvest Haul opposed. Harvest Haul, in addition to its opposition to the motions to remand, filed the instant Motion for Partial Summary Judgment to dismiss the declaratory judgment action.

## LAW AND ANALYSIS

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law" Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." Stults v. Conoco, 76 F.3d 651 (5th Cir.1996), (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986))). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986);

Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 588, 106 S.Ct. 1348, 1356-57, 89 L.Ed.2d 538 (1986). Finally, this Court notes that the substantive law determines materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Before reaching the merits of a motion for summary judgment, a district court must first determine that the party moving for summary judgment has standing to file its motion. Standing is a threshold matter of jurisdiction. Texans United for a Econ. Educ. Fund v. Crown Cent. Petroleum Corp., 207 F.3d 789, 792 (5th Cir. 2000). Fed. R. Civ. Pro. 56(b) states that a party "against whom relief is sought" may move for summary judgment at any time. Rule 56 does not, however, explicitly state whether the "relief sought" refers to the ultimate outcome in the action or a specific count of the complaint. Rule 56 is therefore ambiguous. Other courts have interpreted Rule 56 to mean that the "relief sought" refers to specific counts of the complaint, and that a party not named in a specific count of a complaint lacks standing to move for dismissal of that count. See Dover Ltd. v. A.B. Watley, Inc., 2006 WL 2987054, at *8 (S.D.N.Y. 2006) (holding that a defendant not named in several other counts of a complaint had no standing to move for their dismissal); Norfolk Federation of Business Districts v. Department of Housing and Urban Development, 932 F.Supp. 730, 741-42 (E.D.Va. 1996) (holding that a defendant not named in a particular count of the complaint did not have standing to defend against that count;

noting similarity to standing to move for summary judgment). Although Harvest Haul is the party against whom relief is sought with respect to the wrongful death and survival action, Harvest Haul has not been named a party in any counts of the complaint regarding the declaratory judgment claim. Accordingly, this Court finds that Harvest Haul lacks standing to move for partial summary judgment on the declaratory judgment action[1].

Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment is DENIED.

New Orleans, Louisiana, this 26th day of October, 2009.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] This Court notes that Louisiana law is clear with respect to the apportionment of a survival action. The existence of members of a higher class of beneficiaries excludes members of any lower class of beneficiaries from recovering any portion of a survival action. See La. Civ. Code art. 2315.1A. Furthermore, the funds recovered from a survival action are divided equally among all members of the same class of beneficiaries. Davis v. Owen, 368 So.2d 1052, 1059 (La. 1979); Nelson v. Burkeen Construction Co., 605 So.2d 681, 683 (La. App. 2 Cir. 1992). Therefore, Mrs. Hess, Mrs. Vigreux, and Mrs. Lee should each recover one-third (1/3) of the survival action, and The Succession should recover none.